A93A0232. EXCAVATION +, INC. v. CANDLER.
(433 SE2d 340)

BLACKBURN, Judge.

The appellant, Excavation +, Inc. (Excavation), brought the instant action against the appellees, Asa G. Candler V, Asa G. Candler VI, and Candler/Lombard Limited Partnership d/b/a Candler Development Company (the development company), for damages in lost profits resulting from the appellees' repudiation of a construction contract, and for attorney fees for abusive litigation. After the commencement of discovery, Candler V, Candler VI and the development company moved for summary judgment. The trial court subsequently granted the motion for summary judgment in favor of the appellees, and this appeal followed.[1]

The record viewed in the light most favorable to Excavation shows that Asa Candler V does business as a sole proprietor under the trade name of Candler Development Company. The development company owns property at the Town Center Plaza. Asa Candler VI (Candler) became familiar with Excavation as a supplier of fill dirt for a proposed shopping center based upon the recommendation of James Remole. Thereafter, Sallie Early, the president of Excavation, submitted a price quote to the development company on the grading site at Town Center Plaza. Following discussions between representatives of both companies, Excavation submitted two letters dated November 10, 1986, delineating the scope of the work to be performed by Exca-

---

[1] In its order granting the motion for summary judgment, the trial court acknowledged the parties' consent to the dismissal with prejudice of Asa Candler VI and Candler/Lombard Limited Partnership.

vation. The "TOTAL CONTRACT PRICE" for the performance of this work was $1,974,300. The initial letter was signed by Tim LeBar, an employee of Excavation and Asa Candler VI, on behalf of the development company. However, because of her concerns about a bank's possible reluctance to finance a construction project agreed upon by an employee, Early resubmitted the letter to Candler, in her capacity as president of Excavation. It is undisputed that Early was not involved in any of the discussions concerning the performance of the grading work with the development company prior to the signing of the letter of November 10, 1986.

In his affidavit of January 3, 1992, LeBar averred that he did not consider the letter of November 10, 1986, to constitute a binding contract. At the time that he signed the letter, he was aware of the possibility that the Town Center project might change in scope. However, Early adamantly avers that the letter containing her signature was intended to be a binding and enforceable contract. On February 16, 1987, Candler forwarded to Early's attention a letter concerning the "November 10, 1986 proposal" and indicated that a newly retained general contractor needed to approve the information and prices furnished therein. Early immediately responded to Candler's letter, opposing any further approval of the previously agreed upon "contract." In spite of the parties' dispute as to the binding nature of the second November 10, 1986, letter, the development company continued to inform Excavation of the delay in the commencement of the Town Center project. As a result of Candler's refusal to allow Excavation to perform the grading work pursuant to the terms of the "contract," this action ensued.

Excavation asserts that the trial court erred in granting the motion for summary judgment because the damages that Excavation sustained in lost profits resulting from Candler's breach of the November 10, 1986, contract are neither speculative nor uncertain. Excavation further maintains that the damages sought are a proper measure of damages for Candler's repudiation of the contract prior to performance.

We agree that "[t]he measure of damages for such breach is usually the contract price less what it would have cost the contractor to perform, that is, the profits. [Cits.]" *Crosswell v. Arten Constr. Co.*, 152 Ga. App. 162, 163 (262 SE2d 522) (1979). However, "[w]here plaintiff's claim for damages is remote or speculative, summary judgment for the defendant is appropriate. [Cit.]" *Hip Pocket v. Levi Strauss & Co.*, 144 Ga. App. 792, 794 (242 SE2d 305) (1978).

In her deposition, Early indicated that she was not aware of what the expected profit was on the Town Center job and that any figure provided by her would have been speculative in nature. She further admitted therein that unexpected costs may arise in the construction

business which are outside of one's control. Consequently, many expenses are determined upon the timely completion of the particular assignment. Although she asserted in a response to an interrogatory that her anticipated lost profits were based upon the difference between the contract contained in the letter of November 10, 1986, and the price agreed upon by Ivie & Associates (Ivie) for the performance of the work, in her deposition, she acknowledged that Excavation and Ivie were in dispute as to a price for the performance of the work. In fact, George Ivie, the majority stockholder of Ivie, stated in his deposition that Excavation and Ivie did not enter into a written contractual agreement for the performance of the work. He further acknowledged Ivie's and Excavation's dispute over the price for work. Ivie actually believed that Excavation had awarded the grading site job to another company.

Pretermitting whether the letter of November 10, 1986, constituted a valid and binding contract, "[w]hen appellee[s] made [their] motion for summary judgment, it was appellant's duty as adverse party to present [its] case in full and to set forth specific facts showing a genuine issue for trial. [Cit.] Since there is nothing in the record to indicate the extent of appellant's alleged damages for lost profits other than appellant's speculation as to the amount, appellant's [claim] for damages was remote and speculative and the trial court properly granted summary judgment to appellee[s]. [Cit.]" *Hearn v. Old Dominion Freight Lines*, 172 Ga. App. 658, 659-660 (2) (324 SE2d 517) (1984). As in *Hearn*, the evidence in the case sub judice clearly shows that Excavation's claim for damages is not ascertainable and completely conjectural. Consequently, Excavation's enumerations are without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 16, 1993 —
RECONSIDERATION DENIED JULY 8, 1993 — ▆▆▆▆▆▆▆

Smith & Fleming, Robert O. Fleming, Jr., David A. Rutherford, for appellant.

Morris, Manning & Martin, Gerald L. Pouncey, Jr., Snellings & Ferguson, Stanley T. Snellings, Ian H. Miller, for appellee.