*David S. Lipscomb*, for appellees.

A94A0577. McCUMBERS v. WESTSIDE ASSOCIATES, INC.
(447 SE2d 331)

Judge Harold R. Banke.

This appeal arises from a breach of contract action brought by the appellee Westside Associates, Inc., a real estate brokerage firm, against Kenneth McCumbers, a real estate developer and building contractor.

In April 1986, the appellant purchased a 31-acre tract with the intention of developing it into a residential subdivision. The appellee served as broker for the sale. The parties executed an addendum to the sales contract in which the appellant agreed to give the appellee the exclusive right to sell all homes built in the proposed development in exchange for an amount equal to the appellee's commission on the tract sale. It is undisputed that the appellee paid this sum to the appellant.

The appellant eventually divided the property into 41 lots, but never built any houses on the property. Instead, because of extensive delays and significantly higher costs than anticipated with the proposed development, the appellant sold the property to another developer in 1992. The appellee then commenced this action to recover lost commissions resulting from the appellant's alleged breach of the exclusive listing agreement. The trial court granted partial summary judgment for the appellee as to the issue of liability, and denied the appellant's motion for summary judgment. This appeal followed.

"The construction of a contract is a question of law for the court." OCGA § 13-2-1; see also *Kennedy v. Brand Banking Co.*, 152 Ga. App. 47, 53 (4) (262 SE2d 177) (1979). " 'The cardinal rule of construction to be applied in the interpretation of contracts is to ascertain the intention of the parties.' [Cit.]" Id.

In the instant case, the only reasonable construction of the listing agreement is that the appellee would be given the exclusive opportunity to sell all houses built by the appellant on the subject property and thereby earn commissions. However, before such an opportunity could arise, the appellant actually had to build houses on the property. That condition not having occurred in this case, the appellee never became entitled to any commissions, and the trial court should have granted summary judgment for the appellant. Cf. *McKissick v. Roth Communications &c.*, 203 Ga. App. 747 (1) (417 SE2d 696) (1992).

Moreover, even assuming that a breach of the listing agreement occurred, the appellee would be unable to prove its damages. Al-

though the rule against the recovery of speculative damages relates more to the uncertainty of the cause, rather than the measure or extent of the damages, damages must be capable of estimation to a reasonable certainty. *Shepherd v. Aaron Rents*, 208 Ga. App. 139 (430 SE2d 67) (1993).

In the instant case, the listing agreement itself failed to specify any percentage for a commission. Further, any estimate as to the number of houses that the appellant would have built, the values of those houses, and the number of those houses the appellee would have sold would be sheer speculation. Under these circumstances, the appellee's claim for $140,000 damages was derived solely from its own speculation, and the appellant was thus entitled to summary judgment on this basis as well. See *Excavation +, Inc. v. Candler*, 209 Ga. App. 351 (433 SE2d 340) (1993).

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JULY 12, 1994 —
RECONSIDERATION DENIED JULY 27, 1994.

*Bush, Wallace & Craig, A. Stephenson Wallace*, for appellant. *William A. Trotter III*, for appellee.