A95A1044. FLEET FINANCE v. COUNTRYSIDE ESTATES, INC.
(457 SE2d 246)

BLACKBURN, Judge.

Fleet Finance, Inc. (Fleet) appeals the trial court's grant of Countryside Estates, Inc. f/k/a Exchange South, Inc.'s (Countryside) motion for partial summary judgment. Countryside brought the underlying action to recover under certain partial purchase agreements entered into between the parties.

Countryside developed, sold, and financed residential lots in Heard County, Georgia. Some of the lots were 100 percent financed by Countryside. After the original sales, Countryside entered into partial purchase agreements with Fleet by which Fleet purchased the next 69 monthly installment payments due to Countryside by the original purchaser. Countryside assigned the instrument[1] to Fleet with recourse until the 69 monthly payments were made to Fleet. Thereafter, Fleet was required to assign the instrument back to Countryside.

The underlying action involves the interpretation of the default provision contained in the partial purchase agreements which provided, in pertinent part, that upon default "[Fleet] may keep the Instrument (including [Countryside's] retained interest therein) and all payments received and the underlying property that is the subject of the Instrument all of which [Countryside] and [Fleet] agree shall constitute partial liquidated damages of [Fleet]. [Fleet] may thereafter sell and dispose of the Instrument and the underlying property without further notice to [Countryside] and/or [Countryside's] guarantors. In the event that such disposition of the Instrument and/or the property results in a loss to [Fleet], [Fleet] shall have recourse directly against [Countryside] and the guarantors for such loss. In the event such disposition results in a surplus, then [Fleet] shall refund said surplus."

Fleet foreclosed on 24 residential lots from which Countryside

---

[1] The partial purchase agreement defined "Instrument" as an "Agreement for Deed, Mortgage Deed, and other such real estate secured obligations. . . ."

maintains it is due the surplus obtained by Fleet. Fleet contends that it did not "sell and dispose of the Instrument" within the meaning of the partial purchase agreement because it was also the purchaser at the foreclosure sales.

1. "The construction of a contract is a question of law for the court. OCGA § 13-2-1; see also *Kennedy v. Brand Banking Co.*, 152 Ga. App. 47, 53 (4) (262 SE2d 177) (1979). The cardinal rule of construction to be applied in the interpretation of contracts is to ascertain the intention of the parties." (Citation and punctuation omitted.) *McCumbers v. Westside Assoc.*, 214 Ga. App. 149 (447 SE2d 331) (1994). Fleet's sale and disposal of the instrument, i.e., the agreement for deed, mortgage deed, and other such real estate secured obligations, was completed upon the foreclosure sales as evidenced by Fleet's execution and filing of deeds under power of sale upon the foreclosure of each property. Therefore, the original deeds were sold and disposed of within the unambiguous meaning of the partial purchase agreements thereby obligating Countryside for any loss or Fleet for any surplus.[2] The trial court correctly granted Countryside's motion for partial summary judgment.

2. Fleet's remaining enumeration is moot.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 19, 1995 —
RECONSIDERATION DENIED MAY 3, 1995 —

*Johnson & Montgomery, Harry W. MacDougald, Nisbet S. Kendrick III*, for appellant.

*Morris, Manning & Martin, David A. Rabin, William M. Reid*, for appellee.

---

[2] The trial court did not reach the issue of the definition of the term surplus as used in the partial purchase agreements, and therefore, nothing in this opinion should be construed as to comment on whether a surplus exists.