A97A2046. PLANET INSURANCE COMPANY v. FERRELL.
(491 SE2d 471)

BIRDSONG, Presiding Judge.

This damage suit arises from injuries sustained by appellee/plaintiff Diane S. Ferrell in a vehicular collision. Appellant/defendant Planet Insurance Company appeals from the state court's order granting partial summary judgment to appellee.

Planet is the insurer of Builders Transport, Inc., a motor carrier licensed to haul within Georgia. The collision occurred between a tractor-trailer owned by Builders Transport, driven by its employee Marvin Barron, who at the time was acting within the course of his employment, and an automobile owned and operated by appellee Ferrell. Although a self insurer under OCGA § 46-7-12 (d), Builders Transport had a liability insurance policy issued by Planet for damages over the $1,000,000 limit of its self insurance retention; this liability policy was in full force and effect at the time of the collision and was duly filed with the Georgia Public Service Commission.

Appellee filed suit in the Henry County Superior Court against Builders Transport and Marvin Barron. The same day, appellee filed this independent suit against Planet in Fulton County State Court seeking indemnification for damages averred to have resulted from four identifiable acts of negligence committed by Marvin Barron, the driver of Builders Transport's vehicle.

The state court granted partial summary judgment in favor of appellee/plaintiff on the issue whether she could proceed against Planet in a direct action, subject to Planet's rights to seek indemnity from its insured, and for stay of proceedings pending in another county. *Held*:

At the onset we must determine whether we have jurisdiction over this appeal. For reasons hereinafter discussed we conclude that we do not and that this appeal must be dismissed. An appeal may be taken from the grant of a partial motion for summary judgment within 30 days from the date the judgment is entered notwithstanding that other issues remain pending in the trial court, or within 30 days pending the conclusion of the trial. OCGA §§ 5-6-38 (a); 9-11-56 (h); *Thomas v. McGee*, 242 Ga. 441, 442 (1) (249 SE2d 242); *Culwell v. Lomas &c. Co.*, 242 Ga. 242 (248 SE2d 641). Thus, as a general rule, OCGA § 9-11-56 (h) gives a losing party the right to a direct appeal from an order granting partial summary judgment or summary judgment on any issue or as to any party even though the judgment is not

final under OCGA § 5-6-34 (a) or § 9-11-54 (b). See *Culwell*, supra at 243. This general rule, however, is not without exception; thus, for example, summary judgment will not lie against parties who lack standing to appeal such judgments (see generally *Sawgrass Bldrs. v. Key*, 212 Ga. App. 138 (441 SE2d 99); *Shackelford v. Green*, 180 Ga. App. 617 (349 SE2d 781), aff'd, 257 Ga. 9 (356 SE2d 27)), as to issues the adjudication of which would not be dispositive in whole or in part of the merits of the case under consideration (*Robinson v. Franwylie, Inc.*, 145 Ga. App. 507 (244 SE2d 73)) or as to matters in abatement (*Ogden Equip. v. Talmadge Farms*, 232 Ga. 614, 615 (208 SE2d 459)).

Appellee's motion for partial summary judgment pertinently provides: "Comes now [appellee/plaintiff] in the above-styled civil action, and hereby moves this court for partial summary judgment on the issue of the *propriety of proceeding* against the [appellant/defendant] herein, as insurer of Builders Transport Inc., under the direct action statute OCGA § 46-7-12 (e), *and staying proceedings* against Builders Transport Inc. which [appellee/plaintiff's] prior counsel filed in Henry County." (Emphasis supplied.) (The appellate record reflects that this motion for partial summary judgment was never amended.)

This motion on its face, clearly and unequivocally, requests partial summary judgment only as to the following two issues: first, on the issue of the propriety of proceeding against appellant under the direct action statute, in its capacity as the insurer of Builders Transport, Inc., a motor carrier; and secondly, staying the proceedings against Builders Transport which had been filed (and were pending) in the superior court of another county. Further, this motion does not, on its face, seek partial summary judgment as to the scope of appellant insurer's liability under the insurance policy at issue.

The trial court's order stated that "having considered [appellee/plaintiff's] motion for partial summary judgment and [appellant/defendant's] response thereto, does hereby GRANT [appellee/plaintiff's] motion for partial summary judgment." The effect of this unqualified partial summary judgment order is to grant partial summary judgment as to those grounds expressly stated in the partial summary judgment motion; in this instance to find that it was proper for appellee/plaintiff to proceed with its independent suit against appellant insurer under the direct action statute and, purportedly, to grant a stay as to the separate action filed against the motor transport company and its driver in the superior court of another county. Neither of these issues is dispositive in whole or in part of the merits of the pending case at bar.

In *Robinson v. Franwylie, Inc.*, supra at 509 (1), we recognized that OCGA § 9-11-56 (d) " 'does not authorize the initiation of motions the sole object of which is to adjudicate issues of fact which are not dispositive of any claim or part thereof.' " This same principle

equally applies to motions the sole object of which is to adjudicate issues of law or mixed questions of law and fact which are not dispositive of any claim or part thereof. (Compare the underlying action in this case and the claims averred in the pleadings with the underlying action which involved the dispositive interpretation of a default provision in a partial purchase agreement in *Fleet Finance v. Countryside Estates*, 217 Ga. App. 371 (457 SE2d 246). *Fleet Finance*, supra, is distinguishable and the result there obtained is not controlling in this case.) Moreover, OCGA § 9-11-56 (d) does not recognize that a motion for partial summary judgment would lie as to the mere granting of a stay of proceedings, especially as to proceedings pending before a higher court in another county, or as to a mere question as to the "propriety of proceeding" in a direct action suit against an insurer. Neither of these questions is directly dispositive of any or all of the claims asserted in appellee's complaint, and thus they are not proper subjects for disposition by way of summary judgment.

It is well established that pleadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature, being always mindful to construe such documents in a manner compatible with the best interest of justice. *Pettus v. Drs. Paylay &c., P.C.*, 193 Ga. App. 335 (387 SE2d 613) (motion contesting jurisdiction of trial court to consider plaintiff's claim is a matter in abatement and not properly subject of a motion for summary judgment). Applying the appropriate rule of construction to appellee's motion, we find it was not a viable motion for partial summary judgment; neither was the trial court's order, which merely granted appellee's motion in toto, an order granting a viable partial summary judgment motion. At best, appellee filed a two-part motion: the first part, in effect, sought either a declaratory judgment or an interlocutory order (not subject to the right of direct appeal) as to the propriety of proceeding under the direct action statute against the insurer, and the second part sought a continuance of a case pending in another jurisdiction. In any event, appellee's motion, when viewed in its totality, did not give rise to a viable motion for partial summary judgment and, accordingly, this appeal presents only interlocutory issues, not subject to the grant of partial summary judgment within the meaning of OCGA § 9-11-56 (d) & (h), which were subject to application procedure. No application having been timely filed in the case sub judice, this appeal must be dismissed. See generally *Richardson v. Gen. Motors Corp.*, 221 Ga. App. 583 (472 SE2d 143); *Church v. Bell*, 213 Ga. App. 44 (443 SE2d 677).

*Appeal dismissed. Ruffin and Eldridge, JJ., concur.*

DECIDED AUGUST 26, 1997.

*Gray & Hedrick, William E. Gray II, Thomas D. Trask, Julia J. Yofee*, for appellant.
*Kenneth L. Shigley*, for appellee.