A97A1767. WORLD CHAMPIONSHIP WRESTLING, INC. v. CITY OF MACON.
(493 SE2d 629)

BLACKBURN, Judge.

This appeal involves the interpretation of a lease agreement between World Championship Wrestling, Inc. (WCW) and the City of Macon (the City). William T. Redford and his minor daughter, Tasha Redford, filed the underlying action against WCW and the City to recover damages for personal injuries Tasha allegedly incurred while attending a WCW event at the Macon Coliseum. The City filed a cross-claim against WCW alleging that WCW leased the Macon Coliseum from it on the night of the incident and was required to purchase liability insurance for the City's benefit. The trial court granted the City's motion for summary judgment and determined that the City should be fully exculpated by WCW up to $500,000 in the underlying action.

On appeal from a trial court's grant of summary judgment, this Court conducts a de novo review of the evidence. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "The movant has the original burden of making this showing. Once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the respondent to come

forward with rebuttal evidence." (Punctuation omitted.) *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 392-393 (2) (469 SE2d 469) (1996). In rebutting this prima facie case, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [OCGA § 9-11-56] must set forth specific facts showing that there is a genuine issue for trial." OCGA § 9-11-56 (e). See also *Lau's Corp.*, supra.

The lease required WCW to procure $500,000 of public liability insurance naming the City as a named insured. The lease further provided that WCW "agrees to indemnify, defend and hold harmless the [City] from all demands, claims, suits, actions, or liabilities resulting from injuries or death to any persons or property damage or loss by [WCW], [the City] or any persons, howsoever caused, during the period in which this agreement covers for use of the leased space, or occurring as a result of the use of such space during the agreed period." Although such a clause standing alone might be against public policy pursuant to OCGA § 13-8-2 (b),[1] combined with the lease provision requiring insurance, the lease validly "shifts the risk of loss to the insurance company regardless of which party is at fault." (Punctuation omitted.) *McAbee Constr. Co. v. Ga. Kraft Co.*, 178 Ga. App. 496, 498 (343 SE2d 513) (1986). However, in the present case, WCW failed to purchase the required insurance, and the City seeks to enforce the indemnification clause directly against WCW. See *Myers v. Texaco Refining &c.*, 205 Ga. App. 292 (422 SE2d 216) (1992) (enforcement of indemnity provision affirmed despite indemnitor's failure to provide insurance required by contract).

WCW contends that it is not responsible for Tasha's injuries because it leased only the "arena" and not the concourse level where Tasha was injured at a concession stand. The lease provided that the "Lessor grants to Lessee permission to use the portions of the Macon Coliseum known as ARENA." Therefore, we must determine what area is encompassed by the term "ARENA" as used in the lease.

Gary Desjardins was the general manager of the Macon Coliseum at the time of the incident. Desjardins deposed that two places can be rented at the Coliseum — the Monument Room or the arena. He explained that the arena is "everything that goes with the Coliseum, from the time [sic] of the lobby, the handicapped entrance, the restrooms, the dressing rooms, the arena floor, the seating area, the concourses, the concession stands, although we retain the rights to the concession stands, and we don't let anybody just walk into our box office." Desjardins also explained that when locating people

---

[1] We have previously determined that such Code section is applicable to commercial leases. See *Barnes v. Pearman*, 163 Ga. App. 790 (294 SE2d 619) (1982), aff'd, 250 Ga. 628 (301 SE2d 647) (1983).

within the Coliseum he would refer to the arena as the seating area; however, in the course of running the building, the arena "basically is the Coliseum."

WCW contends that Desjardins' testimony regarding the definition of the arena is inconsistent and must be construed against the City pursuant to *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). We do not agree. Desjardins maintained consistently throughout his deposition testimony and his affidavits that when referring to leased space, the term "ARENA" included the entire Coliseum except the area known as the Monument Room. He also consistently explained that when employees of the Coliseum identify particular locations of the Coliseum they refer to the arena as the seating area. We find that this testimony is not inconsistent, but merely explanatory.

"The construction of a contract is a question of law for the court. OCGA § 13-2-1; see also *Kennedy v. Brand Banking Co.*, 152 Ga. App. 47, 53 (4) (262 SE2d 177) (1979). The cardinal rule of construction to be applied in the interpretation of contracts is to ascertain the intention of the parties." (Punctuation omitted.) *Fleet Finance v. Countryside Estates*, 217 Ga. App. 371, 372 (1) (457 SE2d 246) (1995).

In the present case, the only evidence in the record regarding the definition of the leased space is Desjardins' deposition and affidavits. His testimony clearly indicates that the leased space includes the space in which Tasha was injured. WCW has failed to come forward with any evidence in support of its position or in opposition to the City's position. Therefore, we find that the trial court did not err in granting the City's motion for summary judgment. See *Lau's Corp.*, supra.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 6, 1997.

*Dermer & Black, Richard W. Brown*, for appellant.
*Marcus & Moskowitz, Todd K. Maziar, Drew, Eckl & Farnham, James M. Poe, James K. Creasy III*, for appellee.