# Court of Appeals
# of the State of Georgia

ATLANTA,    December 02, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0038. IN RE: ESTATE OF LEON KIRKLAND, DECEASED.**
**A16A0039. IN RE: ESTATE OF RUBY KIRKLAND, DECEASED.**

In these related appeals, the Madison County Probate Court issued an order revoking letters testamentary and appointing a county administrator as the personal representative of the Estates of Leon Kirkland and Ruby Kirkland in January of 2014. Dwain Kirkland filed a motion to vacate the order and for recusal of Judge Cody Cross of the Madison County Probate Court. The motion was denied. Kirkland appealed both the order revoking letters testamentary and the order denying his motion to recuse to superior court.

In superior court, Chris Tamplin filed a motion for summary judgment on the recusal issue. Kirkland opposed the motion on the ground that all issues in the case should be submitted to a jury since his appeal from probate court was a de novo appeal. The trial court entered its "Order Granting Partial Summary Judgment" in both cases, in which it ruled that a jury trial was not required on the recusal motion and denied the motion to recuse. Kirkland appeals therefrom pursuant to OCGA § 9-11-56 (h).[1] Tamplin, however, has filed a motion to dismiss these appeals on the ground that Kirkland was required to follow the interlocutory appeal procedures. We lack jurisdiction for two reasons, Kirkland's failure to follow interlocutory procedures and the mootness of the issue on appeal.

"It is well established that pleadings, motions and orders are to be construed

---

[1] Kirkland filed his appeals in the Supreme Court, which transferred them to this Court.

according to their substance and function and not merely as to their nomenclature, being always mindful to construe such documents in a manner compatible with the best interest of justice." *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997). Although the trial court's order is styled "Order granting partial summary judgment," the order does not reach the merits of the case. Summary judgment does not lie "as to issues the adjudication of which would not be dispositive in whole or in part of the merits of the case under consideration." *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 265 (491 SE2d 471) (1997). The order at issue denies Kirkland's motion to recuse Judge Cross, which is a collateral issue in the case that is not a proper subject for disposition by summary judgment.

"Denials of motions to recuse are interlocutory in nature. An appeal of such an order requires compliance with the interlocutory appeal provisions of OCGA § 5-6-34 (b)," including obtaining a certificate of immediate review within ten days of the order sought to be appealed. *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002); see also *Warringer v. Warringer, 204 Ga. App. 86 (418 SE2d 446) (1992).* Kirkland's failure to comply with the interlocutory appeals procedures and obtain a certificate of immediate review deprives this Court of jurisdiction.

The record has been supplemented to include the voluntary recusal of Judge Cody Cross. An appeal is subject to dismissal when the questions presented are moot. See OCGA § 5-6-48 (b) (3). Mootness results "if the rights insisted upon could not be enforced by a judicial determination." *Randolph Count v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007). A matter is also moot if a ruling would have no practical effect on the alleged controversy. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997). Because Judge Cross has filed a voluntary recusal, the issues on appeal have been rendered moot.

Accordingly, Tamplin's motion to dismiss is hereby GRANTED, and these appeals are hereby DISMISSED.



*Court of Appeals of the State of Georgia*

   *Clerk's Office, Atlanta,* <u>12/02/2015</u>

   *I certify that the above is a true extract from*

*the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court*

*hereto affixed the day and year last above written.*

_____ *, Clerk.*