# Court of Appeals
# of the State of Georgia

ATLANTA,  April 20, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1137. TERRY PAUL BURTON v. THE STATE.**

In 2009, Terry Burton pled guilty to kidnapping, and the trial court imposed a twenty-year sentence, with the first ten years to be served in prison, and the remainder to be served on probation. In 2016, Burton filed a "Petition for Mandamus," in which he raised various challenges to his conviction and sentence. The trial court denied Burton's petition, and he filed this direct appeal. We lack jurisdiction.

A trial court order refusing to grant mandamus relief ordinarily is directly appealable. See OCGA § 5-6-34 (a) (7). Here, however, while styled as a petition for a writ of mandamus, Burton's petition is, in substance, a motion to vacate a void conviction and/or sentence. See *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) ("[P]leadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature. . . .").

To the extent that Burton seeks to challenge his conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). To the extent that Burton seeks to challenge the validity of his sentence, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, 286 Ga. at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even

assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Here, Burton has not raised a colorable claim that his sentence is void, as his challenges to his sentence are premised entirely on his challenges to the validity of his conviction.

Consequently, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   04/20/2017*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*