# Court of Appeals
# of the State of Georgia

ATLANTA,  September 06, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0140.  TERRANCE MOORE v. THE STATE.**

In 2005, a jury found Terrance Moore guilty of armed robbery and possession of a firearm during the commission of a crime, and the trial court imposed a sentence of twenty years' imprisonment, to be followed by five years on probation.  This Court affirmed the denial of Moore's motion for a new trial following his judgment of conviction in an unpublished decision in 2008, and our remittitur issued later that year. *Moore v. State*, No. A07A1933 (Feb. 7, 2008).  Between 2012 and 2016, Moore filed multiple motions seeking to modify his sentence, which the trial court denied in March 2016.

In April 2017, Moore filed an "Amended Motion for Sentence Modification." In his April 2017 motion, Moore sought to amend a motion to modify sentence that, according to Moore, he previously had filed on July 25, 2005, and which remained pending before the trial court.  The July 2005 motion identified by Moore as the allegedly pending motion to modify sentence – which Moore attached to his April 2017 motion – in fact is the motion for a new trial that he filed immediately following his conviction.  The trial court dismissed Moore's April 2017 motion on the ground that it previously had denied his motion for a new trial in May 2007.  Moore then filed this direct appeal.  We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence.  Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the

statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f).  See id.  Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Given that Moore's April 2017 motion sought to amend a motion that no longer remained pending, it was, in essence, a new motion for a sentence modification.  See *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) ("[P]leadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature . . . .").  In his April 2017 motion, Moore contended that: (i) the facts surrounding the offenses of which he was convicted, his co-defendants' sentences, his prior history, and his conduct while incarcerated each warranted a lower sentence; (ii) the trial court misinformed Moore of his right to seek a sentence reduction from the Sentence Review Panel; and (iii) the trial court failed to charge the jury on lesser-included offenses.  Moore did not, however, raise a colorable claim that his sentences are void because they exceed the statutory maximums.  See *Jones*, 278 Ga. at 670; *Frazier*, 302 Ga. App. at 348.

To the extent that Moore's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.  See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  09/06/2017*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*