# Court of Appeals
# of the State of Georgia

ATLANTA,  March 05, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1356.  WILLIAM ALTON COURSON, JR. v. VERNON ALAN CLEMENTS, JR. et al.**

Following mediation in this will contest, the caveators and propounder entered into a settlement agreement, which they memorialized in a consent order that was entered by the superior court in September 2018.  The superior court issued letters testamentary to propounder-executor William Courson, Jr., the following month.  Courson subsequently filed a motion to set aside the consent order on grounds that his consent had been induced by duress and that the "entire proceeding" was "illegal."  The trial court denied the motion, and Courson filed this direct appeal.  We lack jurisdiction.

Although not explicitly denominated as such, Courson's motion essentially sought to set aside the September 2018 consent order under OCGA § 9-11-60 (d), under which a judgment may be set aside on several grounds, including lack of jurisdiction, fraud, or a nonamendable defect appearing on the face of the record.  See *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) ("[P]leadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature . . . .").  An appeal from a trial court order denying a § 9-11-60 (d) motion to set aside must be initiated by filing an application for discretionary review.  See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).  "Compliance with the discretionary appeals procedure is jurisdictional."  *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Courson's failure to follow the proper procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __03/05/2019_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*