# Court of Appeals
# of the State of Georgia

ATLANTA,  May 26, 2020

*The Court of Appeals hereby passes the following order:*

**A20D0371. THOMAS ARTHUR KNOWLES v. THE STATE.**

In September 2016, Thomas Arthur Knowles pleaded guilty to statutory rape and child molestation. In March 2017, Knowles filed a pro se motion to withdraw his guilty plea claiming that he received ineffective assistance of counsel. The trial court dismissed that motion as untimely, and this Court affirmed the trial court's dismissal. See *Knowles v. State*, Case No. A18A2135 (decided Nov. 28, 2018). Thereafter, in January 2019, Knowles filed a pro se motion for out-of-time appeal, again claiming his trial counsel was ineffective. The trial court dismissed the motion on January 14, 2020. Knowles subsequently filed a document titled "New Opportunity for Out-of-Time Appeal," requesting that trial court hold an evidentiary hearing to determine whether his trial counsel was ineffective for failing to file a notice of appeal following his guilty plea. After treating the filing as a motion to compel a decision on his out-of-time appeal motion and to hold an evidentiary hearing, the trial court dismissed the motion as moot. Knowles then filed this application for discretionary appeal on April 23, 2020. We, however, lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 582 (420 SE2d 393) (1992). This statutory deadline is jurisdictional, and we cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Here, Knowles filed his application 100 days after entry of the January 14 order dismissing his motion for out-of-time appeal. To the extent that Knowles seeks to appeal the order dismissing his subsequent motion – which was, in substance, a motion for reconsideration – the

motion did not extend the time to appeal the January 14 order, and the order on the motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985); see also *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) ("[P]leadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature[.]"). Thus, this application is untimely as to the dismissal order and invalid as to the order dismissing his motion for reconsideration. For these reasons, the application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   05/26/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*