# Court of Appeals
# of the State of Georgia

ATLANTA,  September 01, 2020

*The Court of Appeals hereby passes the following order:*

### A20A1847. ANNIE MINCEY v. LAKESIDE PRESERVE HOMEOWNERS ASSOCIATION, INC.

Lakeside Preserve Homeowners Association, Inc. ("Lakeside") sued Annie Mincey for unpaid assessments in June 2016. Mincey did not answer the lawsuit, and Lakeside moved for summary judgment. The trial court granted Lakeside's motion for summary judgment in November 2016. Almost three years later in November 2019, Mincey filed a "Motion to Vacate, to Stay, for Re-Hearing and for New Trial," (the "November 2019 Motion") arguing that she was never served with Lakeside's lawsuit and that the November 2016 order was "the result of fraud, error and or mistake[.]" In December 2019, the trial court entered an order denying Mincey's November 2019 Motion. Mincey then filed three motions which the trial court construed as motions for reconsideration. The trial court denied these motions in March 2020. Mincey has filed this direct appeal. We, however, lack jurisdiction.

Regardless of the nomenclature of Mincey's November 2019 Motion, she essentially seeks to set aside the November 2016 judgment under OCGA § 9-11-60 (d). See also *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) ("[P]leadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature[.]"). "And, the denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b)." *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); see OCGA § 5-6-35 (a) (8), (b). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga.

App. 257, 257 (471 SE2d 60) (1996). Accordingly, Mincey was required to file a discretionary application in order to appeal the November 2019 Order.

To the extent that Mincey seeks to appeal the order denying her three motions for reconsideration, that order is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/01/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*