# Court of Appeals
# of the State of Georgia

ATLANTA,  February 03, 2021

*The Court of Appeals hereby passes the following order:*

**A21A0881. ALEXIS A. REYES v. THE STATE.**

In February 2015, a jury found Alexis Reyes guilty of armed robbery, false imprisonment, and impersonating an officer, and the trial court imposed a total sentence of 20 years in prison, to be followed by 10 years on probation. This Court affirmed Reyes's judgment of conviction on direct appeal. See *Reyes v. State*, No. A19A1988 (Dec. 6, 2019).

In October 2020, Reyes filed a pro se motion to vacate a void conviction and sentence, in which he challenged the sufficiency of his indictment as to the armed robbery charge. The trial court denied Reyes's motion, and he filed this direct appeal. We lack jurisdiction.

Regardless of its nomenclature, Reyes's October 2020 motion essentially seeks to vacate his judgment of conviction. See *Jones v. State*, 290 Ga. App. 490, 493-494 (1) & (2) (659 SE2d 875) (2008) (a challenge to the validity of an indictment is a challenge to the ensuing conviction); *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) ("[P]leadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature . . . ."). However, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a petition

or motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2). Consequently, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  02/03/2021*
  *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
  *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ *, Clerk.*