### 21280. ROBINSON v. TATE.

DUCKWORTH, Chief Justice. Where there was an offer to buy or sell, according to whether the purchaser or seller signed first, open until May 1, 1960, "by which time written acceptance must have been actually received by the broker, who shall promptly notify other party in writing of such acceptance," and the acceptance on the contract is dated May 18, 1960, after the offer had expired, and there is nothing more to show that the offer remained open in order to be accepted at the later date, or that the acceptance became a counter-offer accepted by the offeror, there is no valid contract upon which this action for specific peformance can be based, and the court did not err in sustaining the demurrer and dismissing the petition, even though the petition alleges that the contract was entered into on the 1st day of May, since the pleadings with exhibits attached must be construed most strongly against the pleader. See 12 Am. Jur. 547, Contracts, § 56; *Traylor, Spencer & Co. v. Brimbery*, 2 Ga. App. 84 (58 SE 371); *W. B. Leedy & Co. v. Shirley*, 97 Ga. App. 801 (104 SE2d 580); *Dixon v. Federal Farm Mortgage Corp.*, 187 Ga. 660 (1 SE2d 732).

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1961—DECIDED JULY 6, 1961.

94

*E. E. Moore, Jr.,* for plaintiff in error.
*John L. Westmoreland, John L. Westmoreland, Jr., M. K. Pentecost, Jr., Harry P. Hall, Jr.,* contra.