51798. MAINE v. STRANGE et al.

PANNELL, Presiding Judge.

The plaintiff brought an action to recover money allegedly due under a contract with the defendants. He sought a judgment against the defendants for $8,000 and sought a special judgment against the defendants' real estate. The defendants moved for summary judgment, and the trial judge granted the motion. The plaintiff appeals the grant of summary judgment in favor of the defendants.

The record shows that appellant entered a contract with appellees on June 7, 1974. Appellant agreed to move a house from Valdosta to Quitman, Georgia, for $8,000. The contract provided in pertinent part the following: "It is further agreed that no money shall be due under this agreement until said house is completely finished, that is, is located on a foundation acceptable to Quitman Federal Savings and Loan Association. . ."

Appellant moved the house to the designated location and brought this action to recover the contract price of $8,000 for the movement of the house. Appellees

filed an affidavit by a Mr. Emerson, the chief operating officer of Quitman Federal Savings & Loan Association (hereinafter referred to as Quitman Federal). Mr. Emerson stated that the foundation of the subject house had not been approved by Quitman Federal. Appellant filed an affidavit which asserted that Quitman Federal refused to inspect the foundation.

There was no question of fact as to whether or not the foundation had been approved by Quitman Federal; there had been no approval. Such approval was an express condition precedent to any recovery of money due under the contract. See Code § 20-110. This condition precedent was clearly set forth in the one-page contract, and the provision was specifically initialed by appellant. While the evidence may have created a question of fact as to whether the approval could have been obtained or whether it still could be obtained, this is not the controlling issue. Rather, what controls is whether in fact the approval was obtained absent some basis for excusing the plaintiff in this respect. Our decision on the issue presented in this case is controlled by the Supreme Court case of *Ansley v. Atlanta Suburbia Estates, Ltd.,* 230 Ga. 630 (198 SE2d 319).

The evidence is without dispute that Quitman Federal had never approved the foundation. This was a condition precedent for a recovery of money due under the contract. Appellant was seeking to recover money due under the contract. It follows that the trial judge did not err in granting summary judgment in favor of the defendants.

*Judgment affirmed. Quillian, J., concurs. Evans, J., concurs in the judgment only.*

SUBMITTED FEBRUARY 3, 1976 — DECIDED MARCH 8, 1976.

*Edwards, Edwards & Edwards, John Kent Edwards,* for appellant.
*Walter H. New,* for appellees.