### 56696. ACHOUR et al. v. BELK & COMPANY.

BELL, Chief Judge.

This is an action to recover real estate sales commissions and liquidated damages for breach of a real estate sales agreement. At trial, the evidence showed without dispute that defendant had offered to buy the property for $50,000, and he authorized his wife to sign the sales contract. The contract provided that the offer would remain open for acceptance until February 23, 1976. The third party seller rejected the offer of $50,000 on February 23, 1976, and submitted a counter-offer of $52,000 on that date. On March 9, 1976, defendant went to plaintiff's offices, accepted seller's counter-offer of $52,000, signed the same contract and initialed the pertinent changes in price. Defendant was furnished a copy of the contract and soon thereafter went to his bank to obtain financing. The contract provided that it was conditioned on purchaser's ability to obtain a conventional loan. However, the contract further provided that, "If Purchaser does not notify Seller in writing of his inability to obtain said loan within 30 days from the effective date of this Contract, then this loan contingency shall terminate and Purchaser shall pay Seller the purchase price in cash at closing." It was stipulated that the seller agreed to accept 50% of the $1,500 earnest money as liquidated damages, as provided in the contract terms. The contract also contained a provision to the effect that if defendant failed to perform

any covenants, he would pay the full commission to plaintiff broker. On April 12, 1976, the date of closing and more than thirty days from the contract date, defendant orally notified plaintiff that he would be unable to purchase the property because of his inability to secure financing. The court directed a verdict for plaintiff. *Held:*

Defendant contends that by the terms of the real estate contract, the time for acceptance of any offer expired February 23, 1976. This contention is without merit. It is undisputed that defendant's offer was rejected on that date and seller thereafter submitted a counter-offer which defendant accepted on March 9, 1976. Therefore, the February 23rd limitation in the contract became of no importance and defendant cannot rely on it to evade his contractual obligations. When acceptance is required by the contract to be received within a stated time, there is no contract when not so received *unless* the acceptance became a counter-offer accepted by the offeror. See *Robinson v. Tate,* 217 Ga. 93 (121 SE2d 21). The evidence thus demanded a verdict for plaintiff and the court properly granted plaintiff's motion for directed verdict. CPA § 50 (a) (Code Ann. § 81A-150 (a)).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 10, 1978 — DECIDED DECEMBER 1, 1978.

*J. Mike Brown,* for appellants.
*Kinney, Kemp, Pickell, Avrett & Sponcler, John T. Avrett,* for appellee.