59979. ROUSH v. DAN VADEN CHEVROLET, INC.

McMURRAY, Presiding Judge.

In March of 1978, M. W. Roush, Sr., had his 1976 Chevrolet van towed to the place of business of Dan Vaden Chevrolet, Inc. Subsequently Vaden's employees removed and disassembled the van's engine in order to permit inspection of the engine by a representative of General Motors Corporation. However, Roush contends he was to be advised as to the cause of the engine failure.

Dan Vaden Chevrolet, Inc., brought this action against Roush to recover the sum allegedly due it for work performed, expenses incurred, and for storage charges after defendant's failure to pay the agreed sum. Defendant answered, admitting that he authorized the removal and disassembly of the engine, that he had not paid plaintiff and raised the defense that there had been no compliance with a provision of his agreement with plaintiff that he be informed of the specific reason for the failure of the engine and that under the agreement his obligation to pay plaintiff was conditioned upon plaintiff and General Motors providing him with this information.

Defendant also filed a counterclaim against plaintiff and a third-party complaint against General Motors Corporation. In this pleading defendant alleges a failure on the part of plaintiff and General Motors to properly perform warranty work on the van, resulting in the vehicle being unfit for its generally intended use.

The motions of plaintiff and General Motors to dismiss the third-party complaint and counterclaim were granted. Plaintiff's motion

for summary judgment against defendant was also granted, and defendant appeals. *Held:*

1. The trial court erred in dismissing defendant's counterclaim against plaintiff. Although the counterclaim in question may be permissive in that it may arise out of a transaction or occurrence that is not the subject matter of the opposing party's claim (failure to properly perform warranty work on the van) and thus subject to being separated for purposes of trial, this counterclaim is not subject to dismissal because predicated on an independent cause of action as a third-party action would be under Code Ann. § 81A-114 (Ga. L. 1966, pp. 609, 627; 1969, p. 979). See Code Ann. § 81A-113 (a, b) (Ga. L. 1966, pp. 609, 625); *Dixie Home Bldrs. v. Waldrip,* 146 Ga. App. 464, 466 (246 SE2d 471); *Elsner v. Cathcart Cartage Co.,* 124 Ga. App. 615, 616 (2) (184 SE2d 685).

2. The written documents, affidavits, and admissions within the pleadings do not conflict with defendant's allegation that under the terms of his agreement with plaintiff his obligation to pay for the removal and disassembly of the engine was conditioned on his being told by plaintiff and General Motors the specific cause for the failure of the engine. The evidence is uncontroverted that no such disclosure has been made and indeed that a General Motors employee who examined the engine was unable to determine the specific cause of the failure of the engine.

In the case of a condition precedent, the condition must be performed before the contract becomes absolute and obligatory upon the other party. Code § 20-110. The burden was on the plaintiff to disprove the existence of this alleged provision of the parties' contract. Plaintiff having failed to pierce defendant's pleadings as to the existence of the alleged condition precedent in their contract, the trial court erred in granting summary judgment. *Griswold v. Scott,* 13 Ga. 210 (2), 214; *Maine v. Strange,* 138 Ga. App. 24, 25 (225 SE2d 484); *Stribling v. Ailion,* 223 Ga. 662, 663 (1) (157 SE2d 427).

3. This is not a suit to foreclose a mechanic's lien; therefore, Code Ann. § 68-423a (7) (Ga. L. 1975, pp. 489, 490) and § 68-427a (Ga. L. 1962, pp. 79, 89) relied upon by defendant are inapposite.

4. The summary judgment awarded plaintiff included a sum for storage of the vehicle. Plaintiff argues that this portion of the judgment was authorized by defendant's acceptance of the terms of a letter which plaintiff sent to defendant. In this letter plaintiff stated to defendant that unless a settlement was made, as to the charges pending in regard to removal and disassembly of the engine, plaintiff would begin to charge for storage beginning on a specified date. Defendant's answer alleges that he made repeated demands of plaintiff for possession of the vehicle which demands were refused

because defendant refused to pay the bill in question here. Although plaintiff urges that defendant accepted the terms of its letter, defendant's answer raises issues as to whether plaintiff's continued possession of the van reflected an assertion by plaintiff of a mechanic's lien rather than a meeting of the minds as to the alleged contract.

The allegations of defendant's answer were not pierced; therefore, an issue of material fact remained for the jury as to this issue also. For this reason and those stated in Divisions 1 and 2, the trial court erred in granting summary judgment.

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 5, 1980 — DECIDED JULY 16, 1980.

*William F. Braziel, Jr.,* for appellant.
*Anton F. Solms,* for appellee.