63713. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. SARGENT et al.

DEEN, Presiding Judge.

State Farm Mutual Automobile Insurance Company brought a petition for a declaratory judgment and injunction against Sargent, Vincent, and Travelers Indemnity Company. At trial, the evidence showed that Mrs. Sargent (who was confined to a nursing home) asked her daughter, Mrs. Fries, to sell her automobile for her. On several occasions, the daughter showed the vehicle to prospective purchasers and allowed them to test drive it. At least one of the prospective purchasers was permitted to keep the vehicle overnight. Vincent, a long-time friend of Mrs. Fries, expressed an interest in the automobile and asked if he could test drive it for several days. He took possession on a Tuesday and on Wednesday telephoned Mrs. Fries and offered to pay the asking price of $900 provided he could obtain financing from his credit union. It was agreed that he would return the vehicle to Mrs. Fries on Thursday morning (Thanksgiving) when he had lunch with her and she was to retain possession until Vincent paid for it. He could not apply for a loan at the credit union until Friday because Thursday was a legal holiday. Early Thursday morning, Vincent was involved in a one-vehicle accident, the automobile was never returned to Mrs. Fries, no papers of sale or transfer of title were ever prepared or signed by the parties, and Vincent did not pay for the automobile. At trial, the parties stipulated that the sole issue to be decided was whether or not there was a purchase and sale of the vehicle. The answer to this question

would determine whether Travelers (Vincent's insurance carrier) or State Farm (Mrs. Sargent's carrier) would be responsible for insurance coverage. Both sides moved for a directed verdict on the issue of ownership. The trial court denied State Farm's motion and sustained Travelers' finding that a sale had not taken place. State Farm appeals following the denial of its motion for a j.n.o.v. *Held:*

In order to find whether or not a sale had taken place we must first determine whether there was a binding agreement between Vincent and Mrs. Fries. The evidence is uncontroverted that the sale was to be consummated only if Vincent could obtain financing. No papers were ever signed or drawn up and both parties agree that Vincent's oral offer was contingent upon his receiving a loan from his credit union and but for the accident the vehicle would have been returned to Mrs. Fries' possession on Thursday morning. Mrs. Fries testified that she did not intend Vincent's offer conditioned upon obtaining financing to be a binding sale of the automobile: "To me a sale is money in hand, and when I get money in hand, then I'll give you the tag receipt and title and transfer it over." While Vincent testified that he did not anticipate difficulty in obtaining financing and that he had an outstanding loan with the credit union, he did not intend to be bound to purchase the automobile if he could not obtain financing. He testified, "If I did not get financing there would be no sale."

While the "existence vel non (or not) of mutual intention is ordinarily a question of fact which is reserved for determination by the jury," *Siegel v. Codner,* 153 Ga. App. 438, 442 (265 SE2d 287) (1980), the evidence is undisputed that neither party considered themselves to be bound by a contract of sale until Vincent obtained a loan to cover the purchase price of the automobile. The parties are in complete agreement that obtaining financing was a condition precedent to the formation of a contract of sale as both Vincent and Mrs. Fries testified that they did not intend to be bound to a contract of sale in the event Vincent was unable to obtain financing. "In the case of a condition precedent, the condition must be performed before the contract becomes absolute and obligatory upon the other party. Code § 20-110." *Roush v. Dan Vaden Chevrolet, Inc.,* 155 Ga. App. 372, 373 (270 SE2d 902) (1980). As State Farm could not show that a jury question existed because both Vincent and Mrs. Fries agreed as to the existence of the condition precedent and its terms, the trial court did not err in granting a directed verdict in favor of the defendants.

State Farm's reliance upon *American Mut. Fire Ins. Co. v. Cotton States Mut. Ins. Co.,* 149 Ga. App. 280 (253 SE2d 825) (1979), and *Canal Ins. Co. v. Woodard,* 121 Ga. App. 356 (173 SE2d 727) (1970), is misplaced. In the *American Mutual* case, the parties

reached an agreement that provided that the buyer would pay a specified weekly amount until the entire purchase price was paid and the buyer took full possession of the automobile. The following day, he was involved in an accident when he struck and killed a pedestrian. The first payment was made on the automobile three days after taking possession, a bill of sale was executed and a transfer portion of the tag receipt was signed. The court found a sale and held: " 'Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time and place . . .' Code Ann. § 109A-2—401 (2)." Id. at 281. (See also *Mote v. Mote,* 134 Ga. App. 668 (215 SE2d 487) (1975), where the court held that an even trade of automobiles transferred ownership although no tag receipts or certificates of title were transferred.) In the instant case, it is undisputed that Mrs. Fries did not intend to part with possession of the automobile. The vehicle was merely loaned to Vincent and therefore the goods were not delivered.

In the *Canal Insurance* case, the buyer negotiated a sale with the dealer when he traded in his old automobile and accepted delivery of a new car. Completion of the transaction and the obtaining of a certificate of title to the new vehicle was delayed until the parties could obtain financing at the bank. Before the financing was arranged, the buyer was involved in an accident with his new car. In that case, there was nothing in the evidence to indicate that obtaining financing was a condition precedent to completion of the contract of sale and the court held that the buyer had acquired such an interest in the vehicle as to qualify it as a "newly acquired automobile" under the provisions of his insurance policy. In the present case, the issue was stipulated as a question of ownership of the automobile and there was a condition precedent to the formation of a contract of sale. *Allstate Ins. Co. v. Harris,* 133 Ga. App. 567 (211 SE2d 783) (1974) is also not on point in the present case. In that case a young man obtained possession of an automobile after negotiating the price, paying for it with two checks on a non-existent bank account, and later fraudulently holding himself out to be an insurance agent to induce the dealer to give possession of the vehicle to the young man's friend. The court found that the evidence presented a jury question as to a sale.

Accordingly, we find that the trial court did not err in directing a verdict against State Farm and sustaining the defendants' motion.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

130

*Malberry Smith, Jr., Luhr G. C. Beckmann, Jr., Andrew J. Hill III,* for appellant.

*Joseph P. Brennan, Delano Maurice, J. Walter Cowart,* for appellees.