A89A1285, A89A1286. GILBERT v. EDMONDSON (two cases).
(388 SE2d 713)

Carley, Chief Judge.
Appellant-plaintiff is an attorney and appellee-defendant is one of his former clients. Appellant filed suit against appellee, seeking to recover the compensation that he had allegedly earned for representing her in various legal matters. The trial court granted partial summary judgment in favor of appellee, holding that appellant could not recover either in quantum meruit or for the breach of a contingency contract but, according to the terms of his written express contract, would be limited to a recovery based upon a rate of $65 per hour. Appellant filed a timely notice of appeal from this grant of partial summary judgment in favor of appellee.

Some months subsequent to the grant of partial summary judgment in appellee's favor, the trial court entered an interlocutory order in the case. Appellant then filed an "amendment" to his original notice of appeal purporting to include this subsequent interlocutory order as appealable thereunder and he also filed a separate direct notice of appeal from that order. Pursuant to his original and amended notice of appeal, appellant appeals in Case No. A89A1285 from the grant of partial summary judgment in favor of appellee and from the trial court's subsequent interlocutory order. Pursuant to his separate direct notice of appeal, appellant appeals in Case No. A89A1286 from the trial court's subsequent interlocutory order.

*Case No. A89A1285*

1. Appellant's express written contract with appellee provided, in relevant part, that he was to receive compensation of "$65.00 per hour or 30% of all sums recovered whichever is greater. . . . In the event the services [here]under . . . are terminated, then and in that event, all accrued billing shall be paid in full. . . ." Thus, the parties' written express contract specifically provided that appellant was to be compensated at the rate of $65 per hour in the event that his legal representation of appellee was terminated before she secured a recovery. Compare *Matthews v. Neal, Greene & Clark*, 177 Ga. App. 26, 28 (1) (338 SE2d 496) (1985). It follows that the trial court correctly

594

granted summary judgment in favor of appellee as to appellant's recovery in quantum meruit for such pre-recovery legal services as he may have rendered prior to the termination of his employment. "[T]here cannot be an express and implied contract for the same thing existing at the same time between the same parties. It is only when the parties themselves do not expressly agree, that the law interposes and raises a promise. [Cit.]" *Fonda Corp. v. Southern Sprinkler Co.,* 144 Ga. App. 287, 292 (3) (241 SE2d 256) (1977). "[O]ne is estopped to recover on quantum meruit where there exists an express agreement. [Cits.]" *Willis v. Kemp,* 130 Ga. App. 758, 760 (3) (204 SE2d 486) (1974).

2. With regard to at least one of the various legal actions in which he represented appellee, appellant urges that a genuine issue of material fact remains as to the viability of his claim for breach of a contingency contract. According to appellant, the evidence, when construed most favorably for him, would authorize a finding that his employment was not terminated prior to appellee's recovery in that legal action and that, therefore, he did earn 30 percent of her eventual recovery as a contingency fee for his services.

A review of the undisputed evidence of record shows that appellant's employment was terminated by appellee no later than December 12, 1983. The mere fact that appellant thereafter made the unilateral decision to appear at a hearing wherein appellee was being represented by her subsequently retained counsel is *not* evidence that she desired to reestablish or acquiesced in the reestablishment of a professional relationship with appellant. Accordingly, the trial court correctly granted summary judgment in favor of appellee as to appellant's recovery for breach of a contingency contract.

3. Pursuant to his "amended" notice of appeal, appellant enumerates the trial court's subsequent interlocutory order as error. "An original notice of appeal may only be amended in order to correct an error in the original. [Cit.] As [appellant's] amendment does not purport to correct an error, [this enumeration] cannot be considered." *Tapley Fin. Corp. v. C & S Bank of Dublin,* 129 Ga. App. 781 (1) (201 SE2d 482) (1973).

4. Appellant's remaining enumerations of error have been considered and are found to be without merit.

### Case No. A89A1286

5. This appeal must be dismissed for appellant's failure to follow the applicable procedures with regard to securing appellate review of an interlocutory order.

*Judgment affirmed in Case No. A89A1285. Appeal dismissed in Case No. A89A1286. McMurray, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 6, 1989 —
REHEARING DENIED NOVEMBER 20, 1989.

*Paul R. Koehler, Donald T. Salter,* for appellant.
*Peyton S. Hawes, Jr., Jones, Brown & Brennan, Taylor W. Jones,* for appellee.