A91A1505. McKISSICK v. ROTH COMMUNICATIONS OF SAVANNAH, INC.
(417 SE2d 696)

CARLEY, Presiding Judge.

Appellant-plaintiff voluntarily terminated his employment as an advertising salesman for appellee-defendant. Thereafter, he brought the instant action, seeking to recover commissions that appellee allegedly owed him. Appellee answered and, after discovery, moved for summary judgment. The trial court granted summary judgment in favor of appellee and appellant appeals.

1. Appellant is entitled to recover commissions that he actually

*earned while he was employed by appellee. Foreman v. Eastern Foods,* 195 Ga. App. 332, 335 (3) (393 SE2d 695) (1990). In support of his claim that he has not been paid the commissions that he earned while employed by appellee, appellant relies upon the following provision of appellee's employee manual: "All salespeople on 'commission' are paid 15% . . . on collections (Not sales orders) received within 90 days of the billing date." It is appellant's contention that, pursuant to this provision, he is entitled to commissions on such of his sales orders as were both billed and timely collected at any time subsequent to the termination of his employment. Under this construction, neither billing nor timely collection during appellant's tenure of employment would be a condition precedent to his entitlement to commissions. Appellee, on the other hand, contends that, pursuant to this provision, it is obligated to pay a commission on only such of appellant's sales orders as were both billed and timely collected at some time prior to the termination of his employment. Under this construction, both billing and timely collection *during* appellant's tenure of employment would be conditions precedent to his entitlement to commissions.

The above-quoted provision clearly provides that a salesman's commission is earned on the basis of appellee's billings for its actual advertising services, and not on the basis of the salesman's initial sales order for those services. Only *after* appellee has provided and billed for its advertising services is the procuring salesman then entitled to expect payment of his commission from collections timely received within 90 days thereafter. Appellant is entitled to those commissions that he actually earned while employed by appellee, but his contract clearly provides that he earns no commission until such time as his sales order has at least generated a bill representing appellee's potential receipt of advertising revenue. It follows that appellant has no viable claim for any commissions on sales orders for advertising which were not actually billable by appellee until *after* the termination of his employment. See generally *Maine v. Strange,* 138 Ga. App. 24 (225 SE2d 484) (1976). Billing by appellee *during* appellant's tenure of employment *is* a condition precedent to its obligation to pay him a commission.

The issue thus becomes whether appellant has a viable claim for any commissions on his sales orders which were actually billable by appellee during his tenure of employment, but which were not timely collected until thereafter.

Nothing in the above quoted provision expressly provides that no commission will be paid for any sales orders which are billable, but uncollected, at the time the procuring salesman's employment was terminated. The provision does provide that a procuring salesman will be *paid* his commission only on timely received collections, but this

does not necessarily mean that his commission is not otherwise *earned* unless he remains in appellee's employ until the collections are timely received. To hold that termination of employment results in a procuring salesman's loss of his commission on otherwise timely collected bills would be to construe the provision as impliedly authorizing a forfeiture of a commission on such advertising revenues as were actually generated by him for appellee during his tenure of employment. " 'While forfeitures. are not unlawful, the law does not favor them, and all ambiguities in a contract are to be resolved against their existence.' [Cit.]" *A. L. Williams & Assoc. v. Faircloth,* 259 Ga. 767-768 (1b) (386 SE2d 151) (1989). Accordingly, construing this ambiguous provision most strongly against appellee pursuant to OCGA § 13-2-2 (5), timely collections are the mere subsequent *source* of payment of commissions that were otherwise previously earned on billable sales of appellee's advertising services, and the procuring salesman would be entitled to a commission if his sales order has generated a bill for appellee's advertising services rendered during his employment and that bill is collected within 90 days, regardless of whether or not the termination of the salesman's employment has intervened.

The trial court correctly granted summary judgment as to those sales orders for advertising services which were not otherwise billable by appellee during appellant's tenure of employment. The trial court erroneously granted summary judgment as to those sales orders which were otherwise billable by appellee during appellant's tenure of employment and which were thereafter timely collected by appellee.

2. The trial court correctly granted summary judgment as to appellant's quantum meruit claim.

" '(O)ne is estopped to recover on quantum meruit where there exists an express agreement. (Cits.)' [Cit.]" *Gilbert v. Edmondson,* 193 Ga. App. 593, 594 (1) (388 SE2d 713) (1989).

*Judgment affirmed in part and reversed in part. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Cooper and Johnson, JJ., concur. Beasley and Andrews, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I concur in Division 2 and in that part of Division 1 which affirms the trial court. I respectfully dissent in that part which reverses the trial court, for I agree with it that defendant employer is entitled to summary judgment also on those sales orders which were billable but not collected before plaintiff employee's voluntary termination.

It is undisputed that collection of payment on the sales engendered is part of the duties of a salesperson in defendant's employ. His or her commissions are directly related to the fulfillment of that final

duty in the string from calling on someone for a sale to entitlement to commission. According to the affidavit of the business manager, when a salesperson leaves defendant's employ, his or her accounts are transferred to other employees. It then becomes that person's responsibility to supervise and monitor collections, a duty left unfulfilled by the terminating salesperson.

It is clear from the controlling provision in the contract that the salesperson does not earn a commission until and unless he or she completes the job by assuring timely payment from the customer to the employer. Plaintiff left without collecting on all his sales. Under the agreement, he was not entitled to a commission on those.

I am authorized to state that Judge Andrews joins in this opinion.

DECIDED MARCH 17, 1992 —
RECONSIDERATION DENIED APRIL 3, 1992 —

*Duffy & Feemster, Dwight T. Feemster, Ronald K. Thompson,* for appellant.

*Karsman, Brooks & Callaway, Stanley E. Harris, Jr.,* for appellee.