A97A2180. MEADOWS MOTORS, INC. et al. v. UNITED SERVICES AUTOMOBILE ASSOCIATION.
(496 SE2d 355)

JOHNSON, Judge.

Meadows Motors, Inc., and its insurer, Universal Underwriters Insurance Company ("Universal"), bring this appeal from the grant of summary judgment to United Services Automobile Association ("USAA") in this declaratory judgment action. Meadows Motors and Universal also appeal the denial of their motion for summary judgment. We affirm.

On June 14, 1994, Diane Chastain and Hector Hood were involved in an automobile accident. At the time of the accident, Hood

was an employee of S & H Produce ("S & H") and was driving the van in the course of his employment, making deliveries for S & H. After the accident, Chastain filed an action for personal injuries, suing Hood, S & H, and Virlyn Slaton, secretary and part-owner of S & H. As a result of the litigation against Slaton, USAA filed a declaratory judgment action seeking a determination of its rights under an automobile personal liability policy issued to Slaton on December 20, 1993. Because S & H, Chastain, and Slaton each asserted that Meadows Motors, the dealership from which Slaton acquired the van, still owned the van at the time of the accident, Meadows Motors and Universal were permitted to intervene.

Virlyn Slaton took possession of the van involved in the accident from Leonard Meadows of Meadows Motors in late May 1994. No documents memorializing a sale were signed at that time and no money was exchanged. Slaton did not attempt to obtain financing for the van until June 14, 1994, the day the accident occurred. The only documents evidencing a sale were signed on June 30, 1994. However, when Slaton took the van in May, he and Meadows had agreed upon a $15,000 sale price. Meadows believed that a sale had been consummated and understood Slaton would mail him a check for the purchase price. In fact, Meadows sold Slaton four cars in the same manner prior to the sale of the van. Although Slaton described his taking possession of the van in May as "a very swift transaction," he explained he believed he was using the van for a trial period and could return it if it did not suit his business purposes.

At the time of the accident, Slaton was the named insured under a personal automobile liability insurance policy issued by USAA. The van was not listed on the declarations page of the policy. Slaton stated in his deposition that he never had any intention of insuring the van with USAA. Under the USAA policy, a "covered auto" is defined as either: (1) "any vehicle shown in the Declarations"; or (2) "a private passenger auto" or "a . . . van, not used in any business or occupation other than farming or ranching" if the vehicle is both acquired during the policy period and the insured asks the insurer to "insure it within 30 days after" the insured became the owner of the vehicle.

1. Viewed in the light most favorable to the non-movants, the record establishes that even if S & H owned the van involved in the accident, it was not a covered vehicle under Slaton's USAA policy. The van was admittedly used to make deliveries for S & H, a business. Thus, the van does not fit within the definition of "covered auto." Appellants' attempt to characterize S & H's wholesale produce delivery business as farming in order to bring it within the policy must fail. S & H did not cultivate crops, raise livestock, or engage in activity historically deemed to be farming. See *Ga. Power Co. v.*

*Fletcher*, 113 Ga. App. 559, 562 (2) (a) (148 SE2d 915) (1966). Accordingly, the trial court properly granted USAA's motion for summary judgment.

2. Meadows Motors and Universal also moved for summary judgment, contending that S & H owned the van when the accident occurred. However, whether title to the van passed to S & H when Slaton took possession of it remains an issue of fact for the jury under these circumstances. The evidence authorizes a finding that although Slaton intended to buy the van in May, he took it for a trial period believing he could return it if it did not suit his business purposes. If the jury so found, Slaton and Meadows Motors would not have had the requisite mutuality of assent to form an oral contract for sale sufficient to pass title. OCGA § 13-3-2; *State Farm &c. Ins. Co. v. Sargent*, 162 Ga. App. 127, 128 (354 SE2d 833) (1982). Although evidence of a prior course of business dealing between Meadows Motors and Slaton exists, that evidence is not dispositive of whether a sale was consummated. Rather, it is a factor for the jury to consider when making that determination. Accordingly, the trial court did not err in denying Meadows Motors' and Universal's motions for summary judgment.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 29, 1998.

*Fain, Major & Wiley, Charles A. Wiley, Jr., Kim M. Jackson*, for appellants.

*Bovis, Kyle & Burch, John A. Love*, for appellee.