A07A1083. RENY et al. v. SNEED.
(647 SE2d 379)

ANDREWS, Presiding Judge.

In the wake of the collapse of an agreement to purchase real property, the erstwhile purchasers, Charles and Mary Reny, sued Charles Gardner, the erstwhile seller, for specific performance. The Renys also sued Gardner's representative, Lucian Lamar Sneed, for tortious interference with contract. The trial court granted Sneed's motion for summary judgment on the ground that the Renys and Gardner had failed to form a contract, and the Renys appeal. We find that a genuine issue remains concerning whether a contract was formed, and we therefore reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Matjoulis v. Integon Gen. Ins. Corp.,* 226 Ga. App. 459 (1) (486 SE2d 684) (1997). We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant. Id.

Construed in favor of the Renys, the record shows that in early January 2006, Gardner delivered an unsigned purchase and sale agreement concerning a parcel of real property in Cumming to Mary Reny. The agreement set a price of $135,000. A provision on the agreement's last page stated that "[t]he terms of this Agreement shall constitute an offer ('Offer') which shall be open for acceptance until 5 o'clock p.m. on the 5th day of January, 2006." Although the agreement also contained a provision stating that the Renys had paid "earnest

---

money of $1000.00 check . . . which has been received by [Gardner]," the earnest money had not yet been delivered.

On January 7, 2006, two days after the expiration of the offer, the parties met at Gardner's home, filled in a provision that "This Offer is hereby accepted, without change, at 12:00 o'clock a.m. on the 7th day of January, 2006," and signed the contract. The Renys delivered their earnest money check at the same time and place. The executed agreement set a closing date of February 6, 2006, "or on such other date as may be agreed to in writing by the parties."

In mid-January, the Renys' counsel inquired whether Gardner could show title from his father's estate. They communicated these concerns to Sneed, who had held himself out as Gardner's lawyer,[1] and asked Gardner to bring documents proving his title to a January 17 meeting, after which the deal could proceed. The Renys drew a certified check for the full purchase price and costs on January 17, and were awaiting a call to attend the closing that afternoon. Gardner and his wife appeared at counsel's offices that day without the requested documents and left the office without informing counsel after only half an hour. From that point on, Gardner and Sneed broke off communications with the Renys. Sneed bought the property from Gardner on or about January 23. By April, he was advertising the property for resale at a price of $195,000.

The Renys sued Gardner for specific performance and soon added Sneed as a defendant. In his answer, Gardner admitted that he had entered into a contract to sell on January 7, but asserted that the Renys had refused to go forward with closing on January 17. Sneed answered and counterclaimed for slander of title, nuisance, and fees.

At the hearing on Sneed's motion for summary judgment, Sneed argued for the first time that because the acceptance date of the contract was later than the date through which the offer had been open, no agreement was reached between the Renys and Gardner. The trial court asked for briefs on the question, and then held that the Renys' claim against Sneed failed as a matter of law. The sole issue on appeal is whether the trial court erred in granting summary judgment to Sneed.

The trial court held that notwithstanding Gardner's admission that he entered into a contract, he could not have done so because he could not accept an expired offer. This is incorrect.

It is true that "[w]here there [is] an offer to buy or sell, according to whether the purchaser or seller signed first," and where the acceptance is dated after an offer has expired,

---

[1] The Supreme Court of Georgia granted Sneed's petition to withdraw from the State Bar on May 27, 1981.

and *there is nothing more to show that the offer remained open in order to be accepted at the later date*, or that the acceptance became a counter-offer accepted by the offeror, there is no valid contract upon which [an] action for specific performance can be based. . . .

(Emphasis supplied.) *Robinson v. Tate*, 217 Ga. 93 (121 SE2d 21) (1961). It is no less true, however, that "[a]n acceptance of an offer after the time limited is binding on the offeror if he assents to the acceptance after it is made." (Citations omitted.) *W. B. Leedy & Co. v. Shirley*, 97 Ga. App. 801, 807 (1) (104 SE2d 580) (1958).

The latter and more general principle applies here. Neither party's signature was previously affixed to the contract, such that, as in *Robinson*, the other party's signature alone could consummate the agreement as long as the latter was affixed to the contract before January 5. Instead, *both* parties had to agree to further negotiations in order for the contract to become effective. When Gardner noted in writing on January 7 that he accepted the Renys' offer, he waived the contract's previous expiration date, which had been placed in the contract for his benefit. *W. B. Leedy & Co.*, supra, 97 Ga. App. at 807 (1). Gardner's answer also admits having entered into a contract on January 7.

The trial court therefore erred when it granted summary judgment to Sneed.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED JUNE 6, 2007.

*John G. Valente, Kenneth A. Tapscott*, for appellants.

*Miles, McGoff & Moore, Dana B. Miles, Kevin J. McDonough*, for appellee.

