A10A1977. COSTELLO INDUSTRIES, INC. v. EAGLE GROOVING, INC.

(707 SE2d 168)

SMITH, Presiding Judge.

Costello Industries, Inc. ("Costello") appeals from the trial court's grant of Eagle Grooving, Inc.'s ("Eagle's") motion for summary judgment on Costello's breach of contract claim. Because genuine issues of material fact remain, we reverse.

On appeal from a grant of summary judgment, we apply a de novo standard of review. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). "[T]he moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Punctuation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); see OCGA § 9-11-56 (c).

The record reveals that on July 7 and 8, 2008, Eagle, a subcontractor, submitted proposals to Costello, a contractor, to perform work on a South Carolina Department of Transportation ("DOT") construction project that Costello planned to pursue through the bidding process. Each proposal submitted by Eagle stated that it was valid for thirty days, and Eagle does not dispute that an Eagle representative orally agreed that if Costello was the successful bidder for the project, Eagle's proposals would remain valid for seven days from the date of the award.

Costello's former division president, Richard Brockman, deposed that Eagle was the lowest bidder for the subcontract work and that Costello used Eagle's proposal prices in preparing its bid for the DOT project. Eagle's owner, Wayne Bloodworth, deposed that during the week of July 22, 2008, Brockman informed him that Eagle was not the lowest bidder and that Costello would consider Eagle if it reduced its proposal price. Bloodworth stated further that he refused to lower the proposal price.

On August 5, 2008, Costello was awarded the DOT project and received notice of the award on August 11. On August 14, Costello faxed and mailed a letter to Eagle informing Eagle that Costello was

awarded the project and stating further:

> This is to inform you we will be sending you a Subcontract Agreement that includes the prices from the attached quotes for this project. As discussed, your prices are valid through the completion date of this project. Please forward your bond and insurance information . . . . We look forward to completing this project with Eagle Grooving and Grinding Contractors as our partner in this project. When scheduled, we will notify you of the time and location of our Partnering meeting and Preconstruction conference.

Costello contends that it received no response to this letter from Eagle. Eagle, on the other hand, claimed that in response to the letter, it sent Costello a letter the same day informing Costello that Eagle's offer had expired and that no contract existed.

Also on August 14, Costello sent Eagle a letter inviting Eagle to participate in saw blade testing. Costello claims it did not receive a response to this letter nor did it receive a response to a September 12 e-mail informing Eagle and other parties of a scheduled "Partnering/Preconstruction" meeting. Bloodworth deposed that, in response to Costello's August 14 letter concerning saw blade testing, he informed a Costello representative that Eagle would not attend because it had no contractual relationship with Costello.

On September 18, 2008, Costello sent an e-mail to Eagle and other subcontractors requesting an Equal Employment Opportunity policy. Less than an hour later, Eagle submitted the requested information. Eagle also sent Costello other required information on October 10. On October 30, Costello sent Eagle a letter requesting a meeting on November 3 to discuss "[Eagle's] subcontract, current job progress and Eagle[']s scheduled work."[1]

The parties dispute what occurred at the November 3 meeting. Costello's owner, John Costello, deposed that during the meeting, Bloodworth informed him that Eagle was being purchased by a party that did not want to perform the subcontract work and that he was in the process of determining a way to fulfill Eagle's obligation to Costello. Brockman, who also attended the meeting, admitted that Bloodworth stated during that meeting that he felt Eagle was not obligated and that no contract was formed. Brockman explained that he was not under the impression that Eagle would not perform, but rather believed that the meeting was a "partnering meeting" designed to determine how Costello and Eagle could work together

---

[1] Costello contends that it first became aware that Eagle did not intend to perform the subcontract work at some point between September 23 and October 30, 2008.

through the sale of Eagle to another party.

Bloodworth deposed that he told Brockman during the meeting that Eagle never entered into a contract with Costello and did not plan on entering into a contract. He stated further that he only attended the meeting at Costello to "clarify the situation that was going on with regards to their continuing efforts to expect me to act on a contract I didn't have."

When Eagle failed to perform the subcontract work on the project, Costello sued Eagle for breach of contract.[2] Early in the litigation, Eagle filed a motion for summary judgment. The trial court granted Eagle's motion for summary judgment, finding that although Costello was awarded the contract on August 5, 2008, it made no contact with Eagle until August 14, 2008, more than seven days after the award of the contract. The court concluded that because Eagle's offer expired prior to Costello's attempt to accept the offer Eagle was entitled to summary judgment on Costello's breach of contract claim because no contract had been formed.

On appeal, Costello argues that material issues of fact exist with regard to "whether Eagle assented to Costello's acceptance or whether Eagle waived the time limitation for acceptance of the proposals." Eagle contends that Costello's August 14 letter was not an acceptance of Eagle's offer and that, in any case, because Costello presented Eagle with a counteroffer by asking Eagle to lower its bid, and Eagle rejected the counteroffer, Eagle's original offer was no longer open for acceptance.

Eagle's offer expired on August 12, seven days after Costello was awarded the DOT project on August 5. Assuming Costello's August 14 fax to Eagle was an unconditional and unequivocal acceptance of the offer, see *Morrison v. Trust Co. Bank*, 229 Ga. App. 145, 147 (1) (493 SE2d 566) (1997), that acceptance was late. It is well settled that "[i]f a contract requires that an offer be accepted within a stated time, no contract is formed when the offer is accepted after the stated time, unless the late acceptance became a counteroffer which was then accepted by the original offeror." (Citation and punctuation omitted.) *Century 21 Pinetree Properties v. Cason*, 220 Ga. App. 355, 357 (2) (c) (469 SE2d 458) (1996). And, "an acceptance of an offer after the time limited is binding on the offeror if he assents to the acceptance after it is made." (Citations and punctuation omitted.) *Reny v. Sneed*, 285 Ga. App. 722, 724 (647 SE2d 379) (2007).

Under the application of either of these principles, a genuine issue of material fact remains in this case. Eagle presented evidence that after receiving Costello's notice of the award, it informed

---

[2] Costello also sought prejudgment interest and attorney fees.

Costello that no contract existed, while Costello presented evidence that Eagle provided Costello with certain project-related information, some upon request, which implies that Eagle assented to Costello's late acceptance. Therefore, an issue of fact remains concerning whether Eagle assented to Costello's late acceptance or whether it accepted Costello's late acceptance as a counteroffer.

Also, there was conflicting evidence concerning whether Costello presented Eagle with a counteroffer that Eagle rejected prior to the expiration of Eagle's original offer. "[A] subsequent communication by one party to the alleged contract that varies even one term of the original offer is a counteroffer." (Citation omitted.) *Lamb v. Decatur Fed. Sav. &c.*, 201 Ga. App. 583, 585-586 (1) (411 SE2d 527) (1991). A counteroffer acts to reject and nullify the original offer. Id. If the original offer was nullified and not renewed by Eagle, there was no offer left for Costello to accept. See id.

Because genuine issues of material fact remain, we reverse the trial court's grant of Eagle's motion for summary judgment. See *Century 21 &c.*, supra.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 8, 2011.

*Vaughn, Wright & Boyer, Frederick L. Wright II*, for appellant.
*McGahren, Gaskill & York, Don G. Gaskill, Jr.*, for appellee.

