**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 21, 2021**

# In the Court of Appeals of Georgia

A21A0341. MCWAY v. MCKENNEY'S, INC. et al.

RICKMAN, Presiding Judge.

In this appeal, Floyd McWay challenges the trial court's order granting his former attorney's motion to foreclose an attorney's lien. McWay contends that the trial court erred in awarding attorney fees in the excess of the amount sought in his former attorney's notice of lien. For reasons that follow, we affirm.

At the outset, we note that "[t]he validity and enforceability of an attorney's lien, and the amount of fees to award the attorney enforcing the lien, are matters for the trial court to decide." *Tolson v. Sistrunk*, 332 Ga. App. 324, 325 (772 SE2d 416) (2015). "Where the trial court is the factfinder, we construe the evidence in the light most favorable to support the court's judgment and will uphold the court's factual findings on appeal if there is any evidence to support them." Id. With respect to

questions of law, however, we employ a de novo standard of review. See *Vasile v. Addo*, 341 Ga. App. 236, 240 (2) (800 SE2d 1) (2017).

Construed in favor of the trial court's judgment, the record reflects that in January 2017, McWay entered into a contract for legal services with the law firm of Morse and Edwards, LLC ("Edwards") to represent him in connection with claims for personal injuries resulting from a motor vehicle collision (the "Contract"). The terms of the Contract provided that, after suit was filed, Edwards would be paid 40% of the gross amount recovered for McWay. The Contract also addressed payment for services rendered in the event that McWay terminated the Contract:

> [W]e shall be entitled to payment for services rendered before the date of termination. If termination occurs with an offer pending, or after settlement or verdict, we shall be entitled to our full percentage of the recovery as provided in the attorneys' fees section above, with the understanding that those fees were earned. In the alternative, or in the event no offer is pending and there has been no settlement or verdict or award, we may elect to charge a reasonable percentage based upon the amount of work performed or may elect to receive payment based upon the time devoted to the case at an hourly rate of $250.00 for attorneys and $100.00 for support staff. In any event, you grant us a lien and security interest against any proceeds for all unpaid costs, expenses and fees.

During its representation of McWay, Edwards investigated the case, sent a demand letter with an initial settlement demand of $750,000, consulted with McWay about a $15,000 pre-suit settlement offer, filed suit on McWay's behalf, and conducted written discovery. Edwards also facilitated treatment for McWay's injuries, including cervical spine surgery, and subsequently made a pre-mediation settlement demand of $3,500,000. In October 2018, McWay terminated Edwards' services. In February 2019, Edwards filed a notice of attorney's lien in the amount of $8,263.54.[1]

In August 2019, while represented by new counsel, McWay settled the lawsuit for $800,000. In November 2019, McWay filed a motion for interpleader in which he asserted that he would not disburse any funds to satisfy the attorney lien of Edwards without a court order. Edwards subsequently filed a motion to foreclose attorney's lien and asserted a lien for fees based on the value of the services rendered to McWay in an amount to be determined by the court.

---

[1] In the notice of lien, Edwards stated that the highest offer of settlement received during its representation of McWay was $15,000, and, pursuant to the terms of the Contract, asserted a lien for fees of 40% of that amount or $6,000, plus expenses of $2,263.54.

Following a hearing, the trial court determined that Edwards was entitled to $43,200 in attorney fees, which constituted 5.4 % of the overall settlement of $800,000 or 13.5% of the original contingency fee, plus incurred costs of $763.54.[2] The trial court based its ruling on the language of the Contract and awarded what it considered to be a reasonable percentage based upon the amount of work performed.[3] McWay appeals and contends that the trial court erred in its award of attorney fees because Edwards never made an election for anything more than the amount included in the notice of attorney lien, which constituted an admission as to the amount of the lien, and that there was a pending offer at the time of termination that triggered the Contract provision relied upon in the notice of lien.[4]

The attorney lien statute, OCGA § 15-19-14 (b),

---

[2] There is no dispute as to the amount of expenses awarded.

[3] In the alternative, the trial court determined that Edwards was entitled to the recover the same amount under quantum meruit. Because the Contract contained express provisions detailing how fees should be determined in the event Edwards was terminated, Edwards was not entitled to recover under the alternative theory of quantum meruit. See *Gilbert v. Edmondson*, 193 Ga. App. 593, 594 (1) (388 SE2d 713) (1989).

[4] McWay also takes issue with the "value-added" theory for calculating attorney fees that Edwards relied upon in its brief in support of its motion to foreclose attorney's lien, but the trial court did not base its ruling on that theory and we therefore do not address it here.

confers upon an attorney at law the right to impose a lien upon actions, judgments, and decrees for money, and prevents the satisfaction of such an action, judgment, or decree until the claim of the attorney for his fees is fully satisfied. The lien arises upon the institution of the suit; it is fixed as soon as the suit is filed and may not be divested by any settlement or contract, it matters not by whom the settlement may have been made or attempted. After suit has been filed it can not be settled so as to defeat the lien of the attorney for his fees.

(Citations, punctuation, and footnote omitted.) *Howe & Assoc. v. Daniels*, 280 Ga. 803, 804 (631 SE2d 356) (2006). Where a contingency fee contract provides for an attorney's entitlement to fees if discharged by his client before the case ends, the language of the contract provides the basis for determining the value of the attorney fee lien. See *Jones, Martin, Parris & Tessener Law Offices v. Westrex Corp.*, 310 Ga. App. 192 (712 SE2d 603) (2011) (contingency fee contract providing that law firm was entitled to a "reasonable fee for the work performed up to that time" if the client dismissed it before the case ended provided basis for determining value of attorney fee lien).

1. McWay contends that the trial court erred by applying the Contract provision that allowed Edwards to elect to charge a reasonable percentage based upon the

5

amount of work performed if no offer was pending at the time of termination. McWay argues that Edwards never made such an election, but the record belies that argument.

Based on its review of Edwards' "pleadings, testimony, evidence and argument at the hearing," the trial court found that Edwards had elected to receive payment for work performed based upon a percentage of the eventual settlement. And that finding is supported by the record, including Edwards' motion to foreclose its attorney lien, affidavits detailing work performed on McWay's behalf, and hearing testimony and argument. To the extent that McWay also contends that the evidence did not support the trial court's award, we find no merit in that contention. See *Jones, Martin, Parris & Tessener*, 310 Ga. App. at 200 (4).

2. McWay contends that the applicable Contract provision is the one Edwards relied on in its notice of lien, which states that "[i]f termination occurs with an offer pending, or after settlement or verdict, we shall be entitled to our full percentage of the recovery as provided in the attorneys' fees section above, with the understanding that those fees were earned." McWay argues that the evidence does not support the trial court's conclusion that no offer was pending at the time of termination. We disagree.

6

The highest settlement offer made to McWay while he was represented by Edwards was a pre-suit offer of $15,000. The trial court specifically found that there was not an offer pending at the time Edwards was terminated. That finding is supported by McWay's testimony that he rejected that offer when it was presented to him and the fact that Edwards, on McWay's behalf, demanded $3,500,000 prior to mediation, after suit had been filed. See *Costello Indus. v. Eagle Grooving*, 308 Ga. App. 254, 257 (707 SE2d 168) (2011) ("A subsequent communication by one party to the alleged contract that varies even one term of the original offer is a counteroffer," and a counteroffer acts to reject and nullify the original offer.) (citation and punctuation omitted). Accordingly, the provision of the Contract addressing fees payable when termination occurs with an offer pending is not applicable here and Edwards would not be entitled to recover fees under that provision.

3. Irrespective of the Contract language, McWay contends that the notice of lien was an admission in judicio as to the amount of the lien. Again, we disagree.

Admissions in pleadings are governed by OCGA § 24-8-821, which allows either party to avail himself or herself of allegations or admissions made in the pleadings of the other. But a notice of lien is not a pleading and therefore would not constitute an admission under that statute. See OCGA § 9-11-7 (a) (listing allowed

7

pleadings). Thus, Edwards is not bound by the amount included in his notice of lien as an admission in judicio.[5]

4. McWay also contends that Edwards' claim for any attorney fees in excess of those claimed in the notice of lien is barred by laches because Edwards did not seek a greater amount until after a settlement had been reached and monies had been disbursed. The question of laches was not raised in the lower court, however, and is not now before us. See *Cowart v. Georgia Hosp. Svc. Assn.*, 135 Ga. App. 45, 46 (2) (217 SE2d 379) (1975).

*Judgment affirmed. McFadden, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[5] McWay also contends that the notice of lien was admissible as an admission by a party opponent under OCGA § 24-8-801 (d) (2), but there is no dispute as to the admissibility of the notice.