# Court of Appeals
# of the State of Georgia

ATLANTA,  April 01, 2024

*The Court of Appeals hereby passes the following order:*

## A24A0172. SIERRA EXPRESS, INC. v. THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA.

After the trial court issued an order granting summary judgment in favor of plaintiff The Insurance Company of the State of Pennsylvania on its claim,  the trial court issued an order on January 27, 2023, dismissing the counterclaim of defendant Sierra Express, Inc. The defendant then initiated the instant appeal by filing a notice of appeal of these orders 32 days later, on February 28, 2023. In May and July 2023, the defendant purported to "amend" its initial notice of appeal by challenging orders that the trial court issued after the initial notice — specifically, an order denying the defendant's motion to vacate and set aside the order dismissing its counterclaim, and an order granting the plaintiff's application for a writ of fieri facias.

We lack jurisdiction for two reasons. First, this appeal is untimely as to the order dismissing the defendant's counterclaim. A notice of appeal must be filed within 30 days of entry of the judgment or order being appealed, OCGA § 5-6-38 (a), and the proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court. *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721, 721 (482 SE2d 704) (1997). Because the defendant's initial notice of appeal was filed 32 days after entry of the order dismissing the counterclaim, it is untimely. Second, the defendant could not amend its initial notice of appeal to appeal orders entered by the trial court subsequent to the initial notice. "An original notice of appeal may only be amended in order to correct an error in the original." *Gilbert v. Edmondson*, 193 Ga. App. 593, 594 (3) (388 SE2d 713) (1989) (citation and punctuation omitted). Thus, the orders identified by the defendant in the

amended notices of appeal are not properly before us. See *Mullen v. Nezhat*, 223 Ga. App. 278, 283 (4) (477 SE2d 417) (1996) (subsequent orders cannot be appealed by amending original notice of appeal).

For the foregoing reasons, this appeal is hereby DISMISSED.

McFadden, Presiding Judge, concurring fully and specially.

I agree with dismissal of the appeal. But I further note that neither of the two amended notices of appeal constitute timely appeals from directly appealable orders. With regard to the denial of a motion to set aside, an appeal from such an order must be taken by application. OCGA § 5-6-35 (a) (8). As for the grant of an application for a writ of fieri facias, "[a] fi. fa. is not an order of final judgment tolling the time for appeal in any case." *Newton v. K. B. Prop. Mgmt. of Ga.*, 166 Ga. App. 901, 903 (306SE2d 5) (1983).



*Court of Appeals of the State of Georgia*
        *Clerk's Office,*
*Atlanta,*  04/01/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*